IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON WILLINGHAM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:15-cv-1809-BN |
| | § | |
| MARKETING ASSOCIATES, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Marketing Associates, Inc. filed a Motion for Summary Judgment, *see* Dkt. No. 15, and Motion for Leave to File Supplemental Documents, *see* Dkt. No. 20. Plaintiff Jason Willingham has not filed a response to either motion, and his time for doing so has passed. *See* Dkt. Nos. 17 & 22.

For the reasons explained below, the Court DENIES the Motion for Summary Judgment and GRANTS the Motion for Leave to File Supplemental Documents.

### Motion to Supplement

Defendant moves for leave to supplement its summary judgment record with a Supervisor's Accident Report form, BATES stamped 000157-159, and the Viper Accident report, BATES stamped 000168. *See* Dkt. No. 20 at 2. Defendant explains that its counsel only received the documents the day after the deadline for filing its Motion for Summary Judgment. *See id*; *see also* Dkt. No. 11 at 4.

The decision to grant or deny leave to supplement is within this Court's sound discretion. The Court's Initial Scheduling Order explains that, "[e]xcept as provided in

the Court's briefing order, no supplemental pleadings, briefs, or summary judgment evidence or other documents will be allowed in connection with the motion for summary judgment or response thereto without leave of court." Dkt. No. 11 at 5-6 (citing N.D. TEX. L. CIV. R. 56.7); *see generally Home Depot U.S.A., Inc. v. Nat'l Fire Ins. Co. of Hartford,* No. 3:06-cv-73-D, 2007 WL 1969752, at *2 (N.D. Tex. June 27, 2007). The briefing order did not further address supplementation. *See* Dkt. No. 17.

Plaintiff has not responded to Defendant's motion for leave or otherwise presented factors that would persuade the Court to deny leave.

Accordingly, the Court GRANTS Defendant leave to supplement the summary judgment record with the pages BATES stamped 157, 158, 159 and 168 [Dkt. Nos. 20-1 & 20-2].

**Fatual Background and Allegations**

Defendant Marketing Associates, Inc., a North Carolina corporation, leased a Viper IV Pot (the "Viper Pot") to Roy Jorgensen & Associates, Inc. ("RJA"). *See* Dkt. No. 1-1 at ¶ 8.

Plaintiff Jason Willingham, a Texas citizen, claims that he was injured, on March 26, 2013, while working for RJA. *See* Dkt. No. 1-1 at ¶ 8. Plaintiff attributes his injury to a broken hinge on the Viper Pot. *See id*. On March 26, 2015, Plaintiff filed this negligence action in state court alleging that Defendant was made aware of the defect previously and violated its duty to adequately repair or replace the Viper Pot or warn him of its dangers. *See* Dkt. 1-1 at ¶¶ 8, 10-11. Defendant timely removed this case based on diversity jurisdiction. *See* Dkt. No. 1.

On January 27, 2016, Defendant took Plaintiff's deposition, during which Plaintiff he testified that he knew that the hinge on the Viper Pot "had been broken, but ... was told it had been repaired." Dkt. No. 16-5 at 13:18-19. Plaintiff also testified that he "called the rep for market [sic]" regarding the broken hinge six months before his alleged accident. *See id*. 13:13-14:11. Plaintiff states that "they actually sent a pot to replace it, but it didn't work until – until it got repaired." *Id* at 14: 13-14.

Defendant submitted a declaration, under penalty of perjury, by its Technical Representative, Keith Miller, stating that:

> In all the repairs and maintenance we did on that Viper Pot, as reflected in the history, none involved the hatch or door to the Viper Pot.

Dkt. No. 16-1 at ¶ 6.

> Under the terms of [Defendant's rental to RJA] ... [RJA] was responsible for all equipment preventive maintenance and [RJA] performed all the general repairs and maintenance.

*Id*. at ¶ 7.

> With the Viper Pot that [RJA] was renting from us, and that the Plaintiff in this case claims he was injured on, from 2010 to the March 26, 2013 date of the accident, [RJA] did not contact Marketing Associates, Inc. to ask us to make any repairs.

*Id*. at ¶ 8.

> [RJA] did not communicate to [Miller] that there was any damage to the Viper Pot that needed repair or that there was a repair that they expected [Defendant] to make before the report of [Plaintiff's] injury....

*Id*. at ¶ 11.

Defendant also submitted a declaration, under penalty of perjury, by its Equipment Manager, Vince Willis, stating that:

-3-

> [He] would have been the primary person over those handling service calls in regards to the Viper Pot Melter/Mixer that Marketing Associates, Inc. rented [RJA].

*See* Dkt. No. 16-2 at ¶¶ 3, 4.

> Under the terms of our rental to them, [RJA] as contractor, were responsible for all equipment preventive maintenance, wear items and to return the equipment in the same condition we sent it to them, minus wear and tear.

*Id.* at ¶ 5.

> With the Viper Pot that [RJA] was renting from [Defendant], and that the Plaintiff in this case claims he was injured on, from 2010 to the March 26, 2013 date of the accident, my department was not contacted and asked to perform any repairs.

*Id.* at ¶ 6.

On February 22, 2016, Defendant filed its Motion for Summary Judgment and attached Plaintiff's deposition and the declarations from Miller and Willis for support. Dkt. No. 16 at 5.

**Legal Standards**

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of

the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Id.*; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

The Court is required to view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in the nonmoving party's favor – but only if both parties have introduced evidence showing that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v.*

*Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

Plaintiff has not responded to Defendant's Motion for Summary Judgment. Plaintiff's failure to respond does not permit the Court to enter a "default" summary judgment. But the Court is permitted to accept Defendant's evidence as undisputed. *See Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990); *see also Estate of Newton ex rel. Newton v. Grandstaff*, No. 3:10-cv-809-L, 2012 WL 3013929, at *2 (N.D. Tex. July 20, 2012). Moreover, Plaintiff's failure to respond means that he has not designated specific facts showing that there is a genuine issue for trial on his negligence claim. "A summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (*citing Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)).

## Analysis

Defendant moves for summary judgment on Plaintiff's negligence claim by arguing that there are no facts showing that it owed Plaintiff a duty that would make it liable for his injury. *See* Dkt. No. 16 at 12.

A negligence claim under Texas law requires three elements: (1) a legal duty owed by one party to another; (2) a breach of that duty; and (3) damages proximately caused by the breach. *See D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002). Under Texas law, to sustain a negligence action, the plaintiff must produce evidence of a legal duty owed by the defendant to the plaintiff. *See Shakeri v. ADT Sec. Servs.*,

*Inc.*, ___ F.3d ___, No. 15-10539, 2016 WL 877136, at *5 (5th Cir. Mar. 7, 2016). "'Whether a duty exists is a threshold inquiry and a question of law; liability cannot be imposed if no duty exists.'" *See Parham v. Ryder Sys., Inc.*, 593 F. App'x 258, 260 (5th Cir. 2014) (quoting *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006) (per curiam)); *see also Port Elevator Brownsville v. Gutierrez*, 198 F. App'x 362, 368 (5th Cir. 2006) ("Whether a duty exists under a given set of facts is a threshold question of law in any negligence action. In determining whether a duty exists, courts consider various factors, including the risk, foreseeability, and likelihood of injury weighed against the social utility of the actor's conduct, the magnitude of the burden of guarding against the injury, and the consequences of placing the burden on the defendant." (citations and internal quotation marks omitted)). The existence of a duty to warn is likewise a question of law. *See Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 426 (Tex. 1997); *Nester v. Textron, Inc.*, No. 1:13-CV-920-DAE, 2015 WL 9413891, at *5-*6 (W.D. Tex. Dec. 22, 2015).

There is a genuine issue of material fact regarding whether Defendant owed a duty to Plaintiff. Plaintiff claims that Defendant violated its duty to warn him about the Viper Pot's broken hinges and its associated dangers or adequately repair or replace the hinges. *See* Dkt. 1-1 at ¶¶ 8, 10. Defendant asserts that it had no duty to warn or repair because it had not been informed of any problem with the Viper Pot or asked to repair it. *See* Dkt. No. 16 at 15. To support this argument, Defendant submitted declarations stating that RJA did not contact Defendant and that no one contacted Willis' department to make repairs on the Viper Pot. *See* Dkt. Nos. 16-1 at

¶¶ 8, 11; 16-2 at ¶ 6. But Plaintiff testified that he personally called Defendant's representative to inform them of the broken hinges and request repairs. *See* Dkt. 16-5 at 13:13-14:11. Plaintiff's deposition testimony, which Defendant submits with and relies on in its Motion for Summary Judgment, evidences a genuine dispute of material fact as to whether Defendant had notice that the Viper Pot needed repair.

The summary judgment evidence also highlights a factual issue regarding Defendant's contractual duty to repair. Defendant argues that, even if it was notified of the Viper Pot's defects, it still had no contractual duty to repair because RJA was solely responsible for repairing the Viper Pot. *See* Dkt. No. 16 at 13, 15. Miller's declaration states that, under their rental agreement, RJA "performed all the general repairs and maintenance." *See* Dkt. No 16-1 at ¶ 7; *see also* Dkt. No. 16-2 at ¶ 5. But Miller's declaration also references repairs that Defendant made on the Viper Pot. *See id.* at ¶ 6. Plaintiff's deposition testimony also suggests that Defendant repaired the Viper Pot. *See* Dkt. No. 16-5 at 14: 13-14. Further, Defendant has not actually submitted the rental agreement as part of the summary judgment. Taking all of this evidence in the light most favorable to Plaintiff, the Court concludes that Defendant's possible undertaking to repair the Viper Pot could establish a duty to Plaintiff but that a genuine dispute of material fact preclude the Court from making a determination as to the existence (or not) of that duty on this record. *See In re Weekley Homes, L.P.*, 180 S.W.3d 127, 132 (Tex.2005) (performance of repairs created a duty to persons injured by repairs).

Plaintiff's deposition testimony also suggests that the Viper Pot was not, and did not present, an open and obvious danger. Defendant argues that it does not owe Plaintiff a duty because he "knew that the Viper Pot was broken and then went ahead and used it." Dkt. No. 16 at 13. But Plaintiff testified that he was told the Viper Pot had been repaired before his accident. *See* Dkt. No. 16-5 at 13:18-19. Plaintiff's testimony, at the least, raises a genuine dispute of material fact as to Defendant's assertion that Plaintiff cavalierly used the broken Viper Pot, and Defendant therefore is not entitled to summary judgment on this ground.

Although Plaintiff has not responded to the Motion for Summary Judgment, Defendant's summary judgment evidence reveals genuine disputes of material fact regarding its duty to repair or replace the Viper Pot or warn Plaintiff of its defects.

**Conclusion**

Defendant Marketing Associates, Inc. is not entitled to summary judgment because the summary judgment evidence reveals genuine disputes of material fact regarding Defendant's duty to Plaintiff Jason Willingham. For the reasons explained above, the Court GRANTS Defendant Marketing Associates, Inc.'s Motion for Leave to File Supplemental Documents [Dkt. No. 20] and DENIES its Motion for Summary Judgment [Dkt. No. 15].

SO ORDERED.

DATED: March 28, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE